ADOLPH G. E. HANKE, Respondent, *v.* RICHARD C. PATTERSON and Another, Appellants.

First Department, May 4, 1923.

**Release — defendant had right to show that release was in full where plaintiff had shown all other facts relating to agreement — action on notes given in accord and satisfaction ratified accord.**

Where the plaintiff interposed a release in evidence and proved all the facts relating to the agreement with the exception that it was in full of all claims or demands, the defendant had the right to show what the complete agreement was, and, therefore, the agreement was properly admitted in evidence in this case and was a complete defense.

The fact that the defendant did not pay the notes given under the agreement when due did not affect the force of the accord and satisfaction, since the plaintiff waived any objection in that respect and ratified the accord when he sued, and obtained satisfaction when he collected the money on the notes in a prior action.

SMITH, J., dissents, with opinion.

APPEAL by the defendants, Richard C. Patterson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of January, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of February, 1922, denying defendants' motion for a new trial made upon the minutes.

*Samuel Wasserman,* for the appellants.

*Andrew A. Fraser,* for the respondent.

FINCH, J.:

In the opinion of Mr. Justice SMITH it is stated that, if the plaintiff himself had introduced the release in evidence, even though not pleaded, it would be a complete defense to the action. It appears, however, in the record that the attorney for the plaintiff elicited from the plaintiff on his direct examination all the facts in connection with the agreement between the plaintiff and the defendant Patterson, Sr., except the fact, which the plaintiff wished to exclude, that the agreement was " in full of all claims or demands." By so doing the plaintiff opened the door for the defendants to show what the complete agreement was, and hence this agreement was properly admitted in evidence, and, as stated by Mr. Justice SMITH, is thus a complete defense. The respondent urges that, as the defendants did not pay the notes when due, therefore, there was no accord and satisfaction. Plaintiff, however, waived any objection on this score and ratified the accord when

he sued, and obtained satisfaction when he collected the money on the notes.

As the defendants did not renew their motion to dismiss at the close of the whole case, this court is limited to granting a new trial.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event.

CLARKE, P. J., PAGE and MERRELL, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

The plaintiff and Patterson, Jr., were college mates. Patterson, Sr., the other defendant, was the owner of some land in Kansas, as to which certain representations were made. Both of the defendants made false representations to the plaintiff to induce the plaintiff to advance money and invest in oil leases upon these lands. The fraud was clearly proven and is not questioned upon this appeal by the defendants. The complaint is for damages resulting from this fraud. The answer is in effect a general denial. Before the trial of the action the defendants made an application to the Special Term to amend their answer by setting up a release of the plaintiff's cause of action, or an accord and satisfaction of plaintiff's claim. This was denied by the Special Term and no appeal was taken from that order. Upon the trial of this action the defendants made a similar application to insert such a provision in their answer. This was also denied. The appeal from the judgment does not specify any interlocutory order sought to be reviewed, and the denial of the motion to amend, made upon the trial, was not error, in view of the action taken by the Special Term upon the application specially made for such amendment and the acquiescence of the defendants in the determination of that application by failing to appeal therefrom.

The plaintiff made proof of the defendants' fraud, and of damages resulting therefrom. He made proof of the receipt of $2,000 in cash from the defendants and also of four notes for $1,000 each, which notes, together with the cash, would represent the actual money that the plaintiff was induced to give to the defendants by reason of the false representations. The plaintiff, however, claimed other items of damage, as for instance, his expenses in trips made out to Kansas, induced by the false representations of the defendants, and also the moneys expended for counsel fee and for disbursements in attending the trial in Kansas, which he was compelled thereafter to bring upon these

four notes of $1,000 each, that were given by the defendants to the plaintiff; and under the permission of the court the jury has awarded the plaintiff the sum of $1,988.72.

The defendants have appealed from the judgment, claiming, first, that they are not liable by reason of a release which was admitted in evidence, which was, in fact, the agreement under which the plaintiff received the $2,000 in cash, and these four notes. A complete answer to this claim, however, is that this agreement was improperly admitted in evidence. This agreement provided for the payment to the plaintiff by the defendants, upon a release of plaintiff's receipt for this oil land, of $2,000 in cash and the four notes that were afterwards sued upon, and then recited: "And this to be in full of all claims or demands by reason of said earnest receipt and proposed Oil and Gas Lease, on the above described lands." This was offered in evidence by the defendants and was received by the trial court over the plaintiff's objection and exception, and further, it was specifically objected, "That is to set up an accord and satisfaction which has been denied by Judge WHITAKER of the Supreme Court, and I object to it." This reference to Judge WHITAKER was to his order denying the defendants' right to amend their answer by pleading a release or an accord and satisfaction. Without doubt, if the plaintiff himself had introduced this release, even though not pleaded, it would be a defense to the action, as one who sues upon any indebtedness, and presents proof that the indebtedness has been paid, will not be allowed to recover thereupon. As this paper was received, however, upon the offer of the defendants and marked as a defendants' exhibit, and such offer was opposed by the plaintiff upon the ground, among others, as I construe the objection, that it was not pleaded, the defendants have no standing to claim here that with this incompetent evidence they have been released from their obligations to respond in damages for the fraud which, upon this appeal and for the purposes of this appeal, they concede to have existed.

The second claim of the defendants is that the defendants have been improperly charged with certain items as claimed by the plaintiff. In the first place, when this purchase was made by the plaintiff, he intended to go to Independence, Kans., to live. These oil lands were about twenty miles therefrom. He would need an automobile to get back and forth, so he took down his automobile, as he expected to be there for a considerable time, and it was known to the defendants that he intended so to do. The expenses of taking the automobile to Independence and bringing it back after the discovery of the fraud and the cancellation of the contract

were, in my judgment, therefore, proper elements of damage for which the plaintiff might recover.

The defendants further complain that the plaintiff has been allowed to recover for his expenses for counsel fee and in going to Kansas City for the trial of the action upon the notes. These expenses amounted to the sum of $1,328. I think the plaintiff was not entitled to recover that sum. That damage was suffered by reason of the failure of the defendants to pay their notes. The fraud was too remote a cause of those damages, which must be proximate in order to authorize a recovery. It is true that the defendant Patterson, Sr., did not pay the notes when due, but the settlement was not rescinded therefor, but the notes were still held by the plaintiff and he sought to collect upon those very notes.

In my judgment the expenses in attempting to collect upon those notes were not the proximate result of the defendants' original fraud in inducing the purchase of these oil lands or oil leases. As to the counsel fees, which were included in these damages, it is clear under the authorities that they cannot be recovered without some proof that they were reasonable for the service rendered.

The verdict should, therefore, be modified by striking therefrom the sum of $1,328, and the judgment modified in accordance therewith, and as modified should be affirmed, with costs to the respondent.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.